UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

L. RUTHER,

        Plaintiff,

v.

UNITED STATES OF AMERICA, et al.,

        Defendants.

Case No. 1:17-cv-517

Honorable Paul L. Maloney

**REPORT AND RECOMMENDATION**

This is a civil lawsuit filed by L. Ruther. The caption of plaintiff's complaint lists two defendants: the United States of America and United States Attorney John Kuhn. (ECF No. 1, PageID.1).

The Court has granted plaintiff leave to proceed *in forma pauperis*, in light of his indigence. (ECF No. 5). Under the provisions of federal law, PUB. L. No. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any action brought *in forma pauperis* if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2); *see Davis-Bey v. Michigan*, No. 14-12167, 2014 WL 2746086, at *1 (E.D. Mich. June 17, 2014). For the reasons set forth herein, I recommend that plaintiff's complaint be dismissed for lack of subject matter jurisdiction and alternatively for failure to state a claim upon which relief can be granted.

**Proposed Findings of Fact**

Plaintiff is a resident of Manassas, Virginia. His complaint contains no factual allegations against the United States. His allegations against defendant Kuhn consist of the incoherent sentence fragments set forth verbatim herein: "John Kuhn. No do crime trial. I order trial, 1791 US 6. I give Gash records, US Atty."

**Discussion**

I.  **Jurisdiction**

"Federal courts are courts of limited jurisdiction and have subject matter jurisdiction only as authorized by the Constitution and by Congress." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "As a consequence of this restriction on federal judicial power, federal jurisdiction may not be maintained by mere averment, inferred argumentatively, or supplied by inference. Put differently, . . . there is a presumption against federal jurisdiction." *Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 391 (6th Cir. 2016) (citations and quotations omitted). Plaintiff "bears the burden of establishing that jurisdiction exists." *Kokkonen*, 511 U.S. at 377; *Taylor v. KeyCorp*, 680 F.3d 609, 612 (6th Cir. 2012); *Valencia v. Commissioner*, No. 1:13-cv-922, 2014 WL 70125, at * 1 (W.D. Mich. Jan. 9, 2014). Plaintiff pleads no

facts that would support the exercise of this Court's jurisdiction.[1] I recommend that plaintiff's complaint be dismissed for lack of subject matter jurisdiction.

## II. Failure to State a Claim

Alternatively, I recommend that plaintiff's complaint be dismissed for failure to state a claim upon which relief can be granted.[2]  A complaint that fails to allege "'enough facts to state a claim to relief that is plausible on its face'" must be dismissed for failure to state a claim. *Traverse Bay Area Intermediate Sch. Dist. v. Michigan Dep't of Educ.,* 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A plaintiff must 'plead [ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "A plaintiff falls short if he pleads facts 'merely consistent with the defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct[.]'" *Albrecht*, 617 F.3d at 893 (quoting *Iqbal*, 556 U.S. at 678-79).  "[T]he tenet that a court must accept as

---

[1] Plaintiff has a history of filing similar "incomprehensible" civil actions. *See e.g., Ruther v. Blevin*, No. 16-2073, 2017 WL 444721 (4th Cir. Feb. 2, 2017) (*per curiam*); *Ruther v. Gash*, No. 16-2068, 2017 WL 444711 (4th Cir. Feb. 2, 2017) (*per curiam*); *Ruther v. United States*, No. 16-2067, 2017 WL 444710 (4th Cir. Feb. 2, 2017) (*per curiam*); *Ruther v. Michigan*, No. 17-cv-10176, 2017 WL 2351971 (E.D. Mich. May 31, 2017).

[2] In addition, plaintiff's purported claim against the United States is barred by sovereign immunity. *See Portsmouth Ambulance, Inc. v. United States*, 756 F.3d 494, 498 (6th Cir. 2014)*; see also Brott v. United States*, No. 16-1466, 2017 WL 2346989, at * 4 (6th Cir. May 31, 2017).

true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. In applying these standards, the court must read plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519 (1972), and accept plaintiff's factual allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that the Court dismiss plaintiff's complaint for failure to state a claim.

## **Recommended Disposition**

For the foregoing reasons, I recommend that plaintiff's complaint be dismissed for lack of subject matter jurisdiction and alternatively for failure to state a claim upon which relief can be granted.

Dated:   June 20, 2017             /s/  Phillip J. Green
                                    United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).