UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| L. RUTHER, ) | |
| Plaintiff, ) | |
| ) | No. 1:17-cv-517 |
| -v- ) | |
| ) | Honorable Paul L. Maloney |
| UNITED STATES OF AMERICA and ) | |
| JOHN KUHN, ) | |
| Defendants. ) | |
| ) | |

## ORDER ADOPTING R&R AND DISMISSING LAWSUIT FOR LACK OF JURISDICTION

L. Ruther, proceeding without an attorney and *in forma pauperis*, filed a handwritten, incomprehensible document, which was docketed as a complaint. The magistrate judge issued a report recommending the complaint be dismissed for lack of jurisdiction or, alternatively, because the complaint failed to state a claim upon which relief may be granted. (ECF No. 6.) Ruther filed another handwritten, incomprehensible document, which has been docketed as his objections. (ECF No. 7.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. '§ 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide de novo review where the objections are

frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider").

Ruther's objections generally fail to identify the specific portions of the R&R to which he objects. The complaint, which the magistrate judge reviewed, mentions events that occurred in Kentucky. Exactly what did or did not occur in Kentucky is not sufficiently explained in any comprehensible manner. In paragraph number 4, Ruther writes "James Catipay Ky Bar take I $." The Court is aware that James Catipay, an attorney licensed to practice in Michigan, but working in California, was accused by the SEC of defrauding investors in a business that recruits mass-tort plaintiffs.

The magistrate judge concluded that the complaint failed to allege sufficient facts to confer subject-matter jurisdiction. The magistrate judge located several other cases filed by Ruther, all of which have been dismissed and called "incomprehensible." In a case filed in the Eastern District of Michigan, the court ordered Ruther to refile his complaint either in a typed format or handwritten using every other line and using both upper and lower case letter. *See Ruther v. Michigan*, No. 17-cv-10176, 2017 WL 2351971, at *1 n.1 (E.D. Mich. May 31, 2017). Ruther's objections do not address the subject-matter deficiency identified by the magistrate judge. The fact that attorney Catipay is or was licensed in Michigan may assist in determining whether venue is proper, but that fact does not establish subject-matter jurisdiction.

Accordingly, the Report and Recommendation is **ADOPTED** as the Opinion of this Court. And, Ruther's complaint is **DISMISSED** for lack of subject-matter jurisdiction. Finally, the Court **DENIES** a Certificate of Appealability. Reasonable jurists would not disagree with this result.

**IT IS SO ORDERED.**

Date: July 7, 2017  /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge